# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | : | |
| *ex rel.* Joseph Ibanez, *et al.*, | : | Case No.: 1:11 CV 029 |
| | : | |
| | : | Judge William O. Bertelsman |
| | : | |
| vs. | : | |
| | : | |
| Bristol-Myers Squibb Company, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION TO STAY PROCEEDINGS IN DISTRICT COURT

Relators Joseph Ibanez and Jennifer Derrick (now Edwards) and Defendant Bristol-Myers Squibb Company ("BMS") jointly request that the Court stay the litigation of Relators' anti-retaliation claims set forth in the Second Amended Complaint, pending resolution of the Unopposed Motion for Rule 54(b) Certification (Doc. 98) and any resulting appeal. A Memorandum in Support is attached.

Respectfully submitted,

\s\Jennifer M. Verkamp_____
Jennifer M. Verkamp (0067198)
Frederick M. Morgan, Jr. (0027687)
Morgan Verkamp LLC
35 E. 7th St., Suite 600
Cincinnati, OH 45202
Tel : (513) 651-4400
Fax : (513) 651-4500
Email: jverkamp@morganverkamp.com

David J. Chizewer
William C. Meyers
Courtney R. Baron
Goldberg Kohn Ltd.
55 E. Monroe, Suite 3300
Chicago, IL 60603
Tel : (312) 201-4000
Fax : (312) 332-2196
Email:  david.chizewer@goldbergkohn.com

*Counsel for Relators*


/s/ Glenn V. Whitaker
Glenn V. Whitaker
T. Blake Finney
Vorys Sater Seymour & Pease
301 E. Fourth Street
Suite 3500
Great American Tower
Cincinnati, Ohio  45202
Tel:  (513) 723-4000
Fax: (513) 852-8450
gvwhitaker@vorys.com
tbfinney@vorys.com


/s/  Mitchell J. Lazris
Mitchell J. Lazris
Jessica L. Ellsworth
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC  20004
Tel:  (202) 637-583
Fax:  (202) 37-5910
mitch.lazris@hoganlovells.com
jessica.ellsworth@hoganlovells.com

-3-

          <u>/s/ Christopher W. Wasson</u>
          Christopher W. Wasson
          Hyung P. Steele
          Pepper Hamilton LLP
          3000 Two Logan Square
          Eighteenth and Arch Streets
          Philadelphia, PA  19103
          Tel:  215-981-4430
          Fax: 215-981-4750
          wassonc@pepperlaw.com
          steeleh@pepperlaw.com

          *Attorneys for Defendant,*
          *Bristol-Myers Squibb Co.*

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF UNOPPOSED MOTION FOR RULE 54(b) CERTIFICATION AND ANY RESULTING APPEAL**

On January 13, 2016, Relators filed an Unopposed Motion for Rule 54(b) Certification (Doc. 98), seeking an order from the Court that its rulings on Relators' *qui tam* claims were final and appealable, with no just reason for delay.  If the Court grants that motion, Relators will be able to appeal the Court's Orders of March 27, 2015 (Doc. 73) and September 24, 2015 (Doc. 97) to the extent they held that Relators' *qui tam* claims did not survive Bristol Myers Squibb's ("BMS") and Otsuka Pharmaceutical's ("Otsuka") motions to dismiss.[1]  Granting the Rule 54(b) motion, however, will not automatically stay the employment-based retaliation claims that the Court held were sufficiently pled.   The parties therefore ask the Court to exercise its discretionary authority to stay those employment-based retaliation claims pending the resolution of any appeal.  *See Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Board of Trustees of the Ohio Laborers' Fringe Benefit Programs v. O.C.I. Construction, Inc.*, Case No. 2:10-cv-550, 2011 WL 902246, *3, 2011 U.S. Dist. LEXIS 25492  (S.D. Ohio Mar. 14, 2011) ("A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently.") (quotation and citations omitted).

Both sides agree that a stay of the employment-based claims makes sense, for some overlapping and some different reasons.  Relators, who intend to argue to the Sixth Circuit that the *qui tam* claims were wrongly dismissed, believe that a stay will conserve party and judicial

---

[1]   Because the Court dismissed all of Relators' claims against Otsuka, Otsuka is not a party to this motion.

resources so that if the dismissal is reversed, there will be only a single discovery period for the parties and Court to manage.  BMS believes that the Sixth Circuit will affirm the Court's dismissal orders and is concerned that Relators will attempt to take broad discovery extending beyond the employment claims in an effort to bolster their arguments that their *qui tam* claims were wrongly dismissed.  These reasons, and others discussed below, support the Court's exercise of a stay of the employment-based retaliation claims pending resolution of Relators' appeal.

     As Judge Marbley explained in *O.C.I. Construction*,

> [c]ourts frequently consider such factors as (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudice[d] or tactically disadvantage[d]; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court.

*O.C.I. Construction*, 2011 WL 902246 at *3, 2011 U.S. Dist. LEXIS at *9-10 (quotations and citations omitted).  These factors militate in favor of a stay here. As the Court knows, despite its age, this case still is in its early stages. Discovery has not started, and a case scheduling conference for Relators' remaining claims has not yet occurred.  The parties agree that discovery to which Relators are entitled on their employment claims is narrower than that to which they would be entitled on their dismissed *qui tam* claims, but would nonetheless involve some overlapping deponents and production sources.  To avoid unnecessary expenditures of party and Court resources in navigating that difference, and because Relators (but not BMS) believe they will be successful on their appeal, the parties seek a stay of the employment-based claims. *See, e.g., Planned Parenthood Southwest Ohio Region v. DeWine*, 2011 U.S. Dist. LEXIS 103563 (S.D. Ohio Sept. 13, 2011) (Dlott, C.J.) (granting Rule 54(b) motion and granting motion to stay remaining claims, finding it in the interest of justice to do so).

As one illustration of the parties' concerns, if this Court grants the Rule 54(b) motion but not a stay of Relators' employment-based claims, those claims will proceed to discovery. That discovery will include, among other things, depositions of Relators and certain employees at BMS whom Relators might also wish to depose relating to their dismissed *qui tam* claims. The parties believe it would be more efficient, and involve less potential for conflict, for Relators' appeal to be resolved before these depositions occur. That way, there will be no debate about the proper scope of inquiry, because the Relators' personal employment claims are based on distinct operative facts and governed by a wholly different legal standard than the *qui tam* claims they alleged on behalf of the federal and named-state governments.

The parties' request for a stay is also intended to minimize the use of judicial resources. Without a stay, the Court may be required to resolve issues regarding the scope of discovery relating to the pending employment-based claims. Moreover, if Relators are successful in their appeal (though the parties dispute the relative merits of such appeal) and there has been no stay, the Court will have to oversee a second discovery phase, which could involve addressing a second set of discovery disputes and resolving a second set of dispositive motions.

The most efficient use of the parties' and the Court's resources is to stay proceedings in this case on the employment-based retaliation claims while Relators seek immediate appeal of the Court's March and September Orders. That way, when discovery commences, there will be no dispute about what operative facts are a proper subject of discovery, and the parties and the Court will be certain that there is no need to do it all again.

Respectfully submitted,

\s\Jennifer M. Verkamp_____
Jennifer M. Verkamp (0067198)
Frederick M. Morgan, Jr. (0027687)
Morgan Verkamp LLC
35 E. 7th St., Suite 600
Cincinnati, OH 45202
Tel : (513) 651-4400
Fax : (513) 651-4500
Email: jverkamp@morganverkamp.com

David J. Chizewer
William C. Meyers
Courtney R. Baron
Goldberg Kohn Ltd.
55 E. Monroe, Suite 3300
Chicago, IL 60603
Tel : (312) 201-4000
Fax : (312) 332-2196
Email:  david.chizewer@goldbergkohn.com

*Counsel for Relators*

/s/ Glenn V. Whitaker_____
Glenn V. Whitaker
T. Blake Finney
Vorys Sater Seymour & Pease
301 E. Fourth Street
Suite 3500
Great American Tower
Cincinnati, Ohio  45202
Tel:  (513) 723-4000
Fax: (513) 852-8450
gvwhitaker@vorys.com
tbfinney@vorys.com

-5-

/s/  Mitchell J. Lazris
Mitchell J. Lazris
Jessica L. Ellsworth
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC  20004
Tel:  (202) 637-583
Fax:  (202) 37-5910
mitch.lazris@hoganlovells.com
jessica.ellsworth@hoganlovells.com

/s/ Christopher W. Wasson
Christopher W. Wasson
Hyung P. Steele
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103
Tel:  215-981-4430
Fax: 215-981-4750
wassonc@pepperlaw.com
steeleh@pepperlaw.com

*Attorneys for Defendant,*
*Bristol-Myers Squibb Co.*

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of January, 2016, a copy of the foregoing was served on all counsel of record through the United States District Court for the Southern District of Ohio's electronic filing system.

    /s/ Jennifer M. Verkamp
Jennifer M. Verkamp, Esq.